IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN D. HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1260-D |
| | ) | |
| VISITOR'S CONTROL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss [Doc. No. 15], filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff has made no timely response, and in the exercise of discretion under LCvR7.1(g), the Court deems the Motion confessed. For this reason, and the reasons fully explained in Defendant's supporting brief,[1] the Court finds that the Motion should be granted.[2]

The Complaint invokes subject matter jurisdiction under 28 U.S.C. § 1331, and purports to bring an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). A *Bivens* action may only be brought against an individual agent of the federal government who violates a constitutional right of the injured party. Plaintiff identifies the

---

[1] The Court commends Defendant's counsel for a thorough and well-reasoned analysis of the issues.

[2] Plaintiff has been granted leave to proceed *in forma pauperis* (IFP), without prepayment of fees and costs, pursuant to 28 U.S.C. § 1915(a). As a preliminary matter, Defendant asks that Plaintiff's IFP status be revoked because he is an abusive litigant who frequently files frivolous cases and then fails to pursue them. *See* Mot. Dismiss & Br. at 6-7 n.5 (listing 30 cases filed since 2000). Because Plaintiff is a first-time filer in this district, and because this action is subject to dismissal pursuant to § 1915(e)(2)(B), the Court declines to reach this issue. The Court reserves the right to revisit the issue, however, should Plaintiff choose to file additional abusive cases in the future.

named defendant, "Visitor's Control Center," as a federal agency. *See* Compl. ¶ 3. He also states the named defendant "refers to those police personnel who staff the Visitor's Control Center at Fort Sill, Oklahoma," who "appear to be either civilian 'Department of Defense Police' or their contract equivalent." *Id.* ¶ 6. Either way, the Complaint contains insufficient factual allegations to identify an individual subject to suit under *Bivens*. *See* Mot. Dismiss & Br. at 9. Further, the constitutional rights allegedly violated were Fifth Amendment rights of Plaintiff due to the "theft and unlawful conversion of private property" in the taking of his passport, and due to an administrative adjudication that did not satisfy "Due Process" requirements. *See* Compl. ¶¶ 10, 13. Neither claim is supported by sufficient factual allegations to show a constitutional violation occurred. *See* Mot. Dismiss & Br. at 10, 23-25.

Plaintiff also purports to assert claims for alleged violations of the Administrative Procedures Act (APA), 5 U.S.C. § 500 *et seq.*, and the Privacy Act, 5 U.S.C. § 552a. Liberally construing Plaintiff's *pro se* pleading, he might also be attempting to assert a tort claim, which would be governed by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 80. Absent exhaustion of administrative remedies, the Court cannot exercise jurisdiction over an FTCA claim. *See* Mot. Dismiss & Br. at 10-11. Plaintiff lacks standing to bring the APA claim asserted in the Complaint -- that Defendant failed to publish its administrative rules in the Federal Register -- and this claim would be governed by the Freedom of Information Act (FOIA), 5 U.S.C. § 552. *See* Mot. Dismiss & Br. at 11-13, 15-17. However, Plaintiff cannot pursue this claim under FOIA due to a lack of

administrative exhaustion and a lack of authority to grant the relief sought. *See* Mot. Dismiss & Br. at 13-18. Finally, the Complaint fails to state a plausible claim under the Privacy Act. *See* Mot. Dismiss & Br. at 19-22.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 156] is GRANTED, as set forth herein. This action is dismissed without prejudice for lack of jurisdiction and failure to state a claim upon which relief can be granted. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 10th day of March, 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE